**In the Matter of Daniel L. TOOMEY, Respondent.**

**Debra Denise BROWN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8703–CR–271.**

Supreme Court of Indiana.

Jan. 9, 1989.

Daniel Lawrence Toomey, Merrillville, pro se.

Linley Eugene Pearson, Indianapolis, for appellee.

PER CURIAM.

This matter is before the Supreme Court on a citation for (indirect criminal) contempt of this Court due to the failure of the Respondent, Attorney Daniel L. Toomey, to file the brief of appellant by the time designated in the order granting a final extension of time and by the time designated in an order granting a second final extension of time.

On September 21, 1988, this Court granted a final extension of time to Respondent to file the brief of appellant. Said brief was to have been filed on or before November 21, 1988. Nevertheless, on November 21, 1988, Attorney Toomey called this Court's Administrator by telephone requesting one or two more days to complete the brief. Respondent was informed how this Court would rule, a ruling which was reduced to the following order:

This Court being duly advised in the premises now GRANTS an extension of time to file the brief to and including November 28, 1988. If the brief of appellant is not filed on or before November 28, 1988, Attorney Daniel L. Toomey shall appear before this Court on Tuesday, November 29, 1988, at 10:30 a.m., and show cause why he should not be found in contempt.

On November 29, 1988, Mr. Toomey again called the Court Administrator and stated he could not complete the brief by the end of the day. The next morning Respondent appeared and was allowed to state his reasons why the brief was still not filed. Respondent indicated that of the work he had completed, the greatest major-

ity of the work had only been started after November 2, 1988. The matter of Mr. Toomey's contempt was taken under advisement. Mr. Toomey was thereafter informed by telephone that a decision on the contempt question would be made by the Court on December 14, 1988. On the afternoon of December 13, 1988, the brief of appellant was filed.

Willful failure to obey an order of the Supreme Court is punishable as an indirect criminal contempt. *In re Lemond* (1980), 274 Ind. 505, 413 N.E.2d 228. This Court finds that under the facts of this case a failure to comply with two final extensions of time manifests a willful disobedience of said orders. Accordingly, Respondent Daniel Toomey is hereby found in contempt of this Court.

The Court has reviewed the range of possible sanctions for Respondent's contempt, including fine, confinement, loss of pay, and removal from the case. Because counsel finally tendered appellant's brief just prior to the date this Court was to decide the contempt question, and because this is the first time the members of this Court can recall that an attorney has failed to comply with a final extension, only a fine of $500.00 is imposed. Respondent shall pay the fine to the Clerk of the Supreme Court within ninety (90) days of this opinion.

All Justices concur, except DeBRULER, J., who would not find contempt.