In re the Matter of Bruce S. COWEN
and Bruce R. Snyder.

**Kevin Lee HOUGH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 02S00–8712–CR–1179.**

Supreme Court of Indiana.

June 1, 1989.

Bruce S. Cowen, Bruce Roderick Snyder, Fort Wayne, for appellant.

Robert S. Bechert, Fort Wayne, for respondents.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

This matter is before the Supreme Court on a citation for indirect criminal contempt

of this Court due to the failure of Respondents, Attorneys Bruce S. Cowen and Bruce R. Snyder, to file the brief of appellant by the time designated in an order granting a final extension of time.

On September 21, 1988, a second and final extension of time to file the brief of appellant was granted to and including March 16, 1989. On March 13, 1989, counsel for appellant filed a third petition for time to file the brief.

Based upon the failure to meet the final extension of time order of this Court, an order was issued on March 29, 1989, directing Attorneys Cowen and Snyder to appear before this Court on April 25, 1989, at 10:30 a.m., and show cause why they should not be found in contempt. In addition, the trial judge was directed to appoint new counsel for appellant. Five days prior to the hearing, Respondents tendered a completed brief of appellant which this Court ordered received but not filed. At the hearing on April 25, 1989, Attorneys Cowen and Snyder attempted to show cause by indicating that other important professional obligations prevented completion of the brief. Respondents did, however, admit that they were conscious that the extension granted to March 16, 1989, was a final extension and that they failed to make any effort to complete the brief prior to the contempt citation.

Willful failure to obey an order of the Supreme Court is punishable as an indirect criminal contempt. *In re Toomey* (1989), Ind. 532 N.E.2d 608; *In re Lemond* (1980), 274 Ind. 505, 413 N.E.2d 228.

This Court finds that under the facts of this case there was a conscious failure to comply with a six month final extension of time, and that such knowing conduct constitutes a willful disobedience of that part of the final extension which constitutes an order to complete the work. Accordingly, Respondents are hereby found in contempt of this Court.

This Court has reviewed the range of possible sanctions for Respondents' contempt, including fine, confinement, loss of pay, and removal from the case. Because counsel tendered the brief just prior to the contempt hearing, only a fine of $500.00 per Respondent is imposed. Respondents shall pay their fines to the Clerk of the Supreme Court within ninety (90) days of this opinion.

The order to the trial court judge to remove Respondents is rescinded. Attorneys Cowen and Snyder shall be permitted to continue in this case. Accordingly, the Clerk is directed to file the brief of appellant, effective the date of this opinion. The State of Indiana shall file its brief within forty-five (45) days of this opinion.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent.